# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON BELCHER, | ) | CASE NO.: 5:22CV1903 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OF OPINION AND** |
| SECURITY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on objections filed by Plaintiff Brandon Belcher to the Report and Recommendation ("R&R") of the Magistrate Judge.  On August 24, 2023, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the denial of Belcher's application for benefits.  On September 7, 2023, Belcher objected to the R&R.  On September 13, 2023, the Commissioner responded to the objection.   The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the

Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Like his opening brief, Belcher's objections are focused upon his belief that the Appeals Council erred when it failed to remand the matter to the ALJ for consideration of evidence he submitted after the ALJ hearing.    In rejecting this contention, the Appeals Council found that there were two discrete sets of evidence.    The Council found that the April and May 2021 evidence did not show a reasonable probability that it would change the outcome of the hearing.    The Council also found that the October 2021 through March 2022 information did not relate to the disability period at issue so could not be considered.

The R&R found that Belcher failed to show good cause to warrant consideration of the April and May 2021 evidence.    Specifically, the R&R noted:

> At the February 25, 2021, administrative hearing, Mr. Belcher asked the ALJ to hold the record open for two weeks to submit additional medical records. (Tr. 234). Due to difficulty obtaining the requested records, Mr. Belcher made additional requests to the ALJ to hold the record open on March 11 and 25, April 8 and 22, and May 5, 12, and 18, 2021. (Tr. 379-80, 469-74). On May 25, 2021, rather than inform the ALJ of his May 19 surgery and request additional time to obtain those records, Mr. Belcher invited the ALJ close the record. (Tr. 475). According to counsel, Mr. Belcher was aware of the consequences of this decision. (Id.). Mr. Belcher had the opportunity to inform the ALJ of additional forthcoming evidence and request the record remain open but declined to do so. As such, Mr. Belcher has not established good cause for his failure to obtain the April and May 2021 records.

Doc. 12 at 13. In his objections, Belcher has wholly failed to address this analysis, let alone identify error in it.    Instead, Belcher reiterates that the evidence was not available at the time of the ALJ's decision.    However, as the R&R also properly noted, the Sixth Circuit takes a "harder line" approach to good cause – a claimant cannot simply point to the fact that the evidence was not created until after the ALJ hearing but must establish good cause for why she did not cause the

evidence to be created and produced until after the administrative proceeding. *See Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001).

Belcher has offered no argument in his objections that would suggest that the R&R erred in its analysis of good cause.   In fact, as the R&R notes, Belcher made the conscious decision to allow the record to close while knowing that he had completed surgery just days earlier and had not obtained the records of the surgery.   Accordingly, Belcher's objections lack mert.

For the reasons stated above, Belcher's objections are OVERRULED.   The R&R is ADOPTED IN WHOLE.   The decision of the Commissioner is hereby AFFIRMED.


Dated: October 20, 2023            */s/ John R. Adams*
                                    JUDGE JOHN R. ADAMS
                                    UNITED STATES DISTRICT JUDGE